[Civ. No. 2745. Second Appellate District, Division One.—March 12, 1920.]

THOMAS J. CORNISH, Respondent, v. M. B. SUITER et al., Appellants.

[1] VENDOR AND VENDEE—UNWARRANTED REPRESENTATIONS—FRAUD—RECOVERY OF PAYMENTS.—Even though they were not knowingly corrupt in the matter, the defendants were none the less guilty of actual fraud when they induced plaintiff to enter into a contract for the purchase of certain land by positively asserting, in a manner not warranted by their information, that they were acting as the duly authorized agents for a corporation, and that the land was owned by said corporation, which statements were not true; and the plaintiff was entitled to recover from them the money he had paid under the contract, notwithstanding the defendants had paid a portion of the money to their principal.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

---

1. Right of vendee in contract for the sale of real property to recover payments, note, L. R. A. 1918B, 540.

The facts are stated in the opinion of the court.

Thomas Scott and George E. Whitaker for Appellants.

Kaye & Siemon for Respondent.

CONREY, P. J.—From the findings of fact made in this case it appears that at various times between the first day of January, 1911, and the tenth day of July, 1911, the defendants represented to the plaintiff that they were the duly authorized agents of the owner of a certain tract of land in Modoc County, California, which land had been subdivided under the name of Willow Ranch Orchard Homestead Tract, and that said land was owned by the Tri-State Land Company. Believing and relying upon such representations, the plaintiff paid to the defendants on June 7, 1911, the sum of $250, and on July 10, 1911, the sum of $250, for and on account of the purchase of a ten-acre parcel of land in said tract. The Tri-State Land Company was not a corporation, but said name was in fact a fictitious name under which one Bernard C. Sitz pretended to be operating and conducting a business of advertising and selling and improving said land, as the defendants at all times well knew, but the defendants failed and neglected to disclose to the plaintiff that the said name of the Tri-State Land Company was a fictitious name, or that said Sitz was the person carrying on said business under said name. Neither in his own name nor in the name of the Tri-State Land Company was the said Sitz at any time the owner of said tract of land or of any part thereof, and he was not, nor were the defendants, at any time the agent or agents of the owner of said tract of land or any part thereof. At all the times of making the representations mentioned, the information and knowledge which the defendants had did not warrant the making of said representations. The defendants well knew that one Kirkpatrick was in fact the owner of all of said land, and that Sitz, operating under said name of Tri-State Land Company, was not the owner, and that defendants did not have authority from Kirkpatrick to sell or dispose of the land or any part thereof. Prior to the making of said representations the defendants knew that Sitz would not be able to deliver deed for the land unless

Kirkpatrick was first paid therefor. Prior to the making of such assertions and representations, Kirkpatrick notified the defendants that unless Sitz first paid him for the land and received conveyances thereof, parties purchasing from the defendants would not get deeds for their land. Prior to the time when defendants made said representations to the plaintiff, Sitz presented to them a false and forged abstract of title which showed a fictitious and forged deed purporting to convey said tract of land from Kirkpatrick to Bernard C. Sitz, and purporting to be a copy of the records of the office of the county recorder of Modoc County, and the defendants believed the same to be genuine and relied upon the same. Said forged abstract of title was presented to the defendants about the month of July, 1910, and did not purport to show any conveyance of such land to the Tri-State Land Company. At two different times subsequent to seeing said forged abstract, and prior to June, 1911, the defendants were at the county seat of Modoc County, but made no investigation or inquiry concerning the true state of the record title to said tract of land. "As early as January, 1911, defendants knew that said purported abstract of title was false and forged, and that said tract of land was in fact owned by the said Kirkpatrick." Said representations were made by the defendants to the plaintiff for the purpose of inducing the plaintiff to enter into a contract with them as the agents of Sitz to purchase the said parcel of land. The plaintiff was not informed at any time prior to July 11, 1911, as to the identity of the defendants' principal in any manner, except that they were the agents of the Tri-State Land Company. The plaintiff had no knowledge of the said Sitz, but believed the Tri-State Land Company to be a corporation and the defendants to be agents thereof. In August, 1911, plaintiff offered to pay the defendants an installment of twenty dollars on account of the purchase of said land, being an installment mentioned in the contract delivered by the defendants to the plaintiff in the name of the Tri-State Land Company on July 11, 1911, but defendants refused to accept the payment of twenty dollars and informed the plaintiff that their principal was and would be unable to convey or perform the contract for the conveyance of said land, and that the said

owner of said land had refused to recognize or be bound by the acts of said defendants as the agents of said Sitz. Upon the facts found as above stated, judgment was entered in favor of the plaintiff for said sum of five hundred dollars with interest; from which judgment the defendants appeal.

The appeal, as presented by counsel for appellants in their brief, rests chiefly upon the claim that the findings are not sustained by the evidence. The findings of fact as made by the court are numbered I to VII. The so-called specification of insufficiency of the evidence, as contained in the bill of exceptions, merely states "that the evidence does not support the following findings filed in the action, to wit: One, Two, Three, Four, Five, Six and Seven." This specification is coupled with an assertion that all of the evidence in the case shows "that plaintiff knew that he was dealing with Bernard C. Sitz, who represented the Tri-State Land Company." As to the last-named proposition, there is no doubt that the defendants caused the plaintiff to believe that he was dealing with a corporation. This is confirmed by the fact that when, on the eleventh day of July, 1911, they delivered to the plaintiff a contract, that document purported to be executed by the Tri-State Land Company as a corporation.

The so-called specification of insufficiency of the evidence does not point out any particular in which the evidence is insufficient to support any designated fact found. Turning to the brief for appellants in order to ascertain what particulars of that nature are relied upon by counsel, we find that they have quoted five sentences or parts of sentences selected out of the findings and as to each of them counsel assert that there is nothing in the evidence to support the finding shown by the words quoted. These assertions by counsel are not in any instance accompanied by any quotations from or designation of any portion of the transcript to which we are invited to refer in order to ascertain what evidence actually was given bearing upon the point stated. Assuming without deciding that the specifications are sufficient to raise a question as to the sufficiency of each of the findings, the court is not under obligation to closely search through an extensive transcript for the purpose of overturning what seems to be a just judgment. Nevertheless, we have read all of the evidence. It sufficiently ap-

pears that in taking the plaintiff's money the defendants pretended to be representing a certain corporation which did not exist; that the individual whom in fact they did represent as agents was, as they well knew, operating under the name of a corporation pretending to do business when such corporation did not exist. One of the findings selected for attack states ''that as early as January, 1911, defendants knew that said purported abstract of title was false and forged and that said tract of land was in fact owned by said Kirkpatrick.'' It appears that defendant B. F. Suiter visited the tract of land in the early part of 1910, and that the abstract and deed, which afterward turned out to be forged, were shown by Sitz to the defendants before Mr. Suiter made that visit to the land. It does appear that Sitz had some kind of contract with Kirkpatrick, the owner of the land, and that as early as January, 1911, the defendants received from Kirkpatrick a letter in which it was very clearly implied, if not in direct terms stated, that no deed had yet been made. This was a circumstance which should have caused defendants to investigate the genuineness of the supposed deed which had been shown to them before they would take the responsibility of representing an ownership supposed to be based upon such deed.

[1] Appellants claim that they should not be held liable in this case, because they were not guarantors of the title of their principal; that they merely received this money as agents for their principal to whom they accounted for the money so received. The fact is, according to their own testimony, that they sent to Mr. Sitz three hundred dollars of the money which they received from the plaintiff, and retained for themselves the other two hundred dollars as commission. In our opinion, this is not the ordinary case of an agent representing a vendor of real property. Assuming that defendants were not knowingly corrupt in the matter, they were none the less guilty of actual fraud, because they induced the plaintiff to enter into the contract by positively asserting, in a manner not warranted by their information, that which was not true. (Civ. Code, sec. 1572.) They made it appear to the plaintiff that they were receiving his money as agents for a corporation when in fact such corporation did not exist. Under the circumstances, the defendants acted upon their own responsibility

in accounting to Sitz as their principal in the transaction. The · plaintiff is entitled to hold the defendants as principals to whom he paid money for which he has received no consideration. There are no errors in the court's rulings on evidence offered which would control the decision on this appeal.

The judgment is affirmed.

James, J., and Shaw, J., concurred.